fits of serving his two-year sentence as a committed youthful offender. Defendant has not demonstrated that the remote possibility of executive commutation or pardon would realistically allow him to serve this sentence while he is eligible to do so as a committed youthful offender. Defendant's argument with regard to this sentence is without merit.

No error.

---

JESSE R. SIMPSON, RICHARD D. MOORE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED v. NORTH CAROLINA LOCAL GOVERNMENT EMPLOYEES' RETIREMENT SYSTEM, A CORPORATION; BOARD OF TRUSTEES OF THE NORTH CAROLINA LOCAL GOVERNMENT EMPLOYEES' RETIREMENT SYSTEM, A BODY POLITIC AND CORPORATE; E. T. BARNES, DIRECTOR OF THE RETIREMENT SYSTEM DIVISIONS AND DEPUTY TREASURER FOR THE STATE OF NORTH CAROLINA (IN HIS OFFICIAL CAPACITY); HARLAN E. BOYLES, TREASURER OF THE STATE OF NORTH CAROLINA AND CHAIRMAN OF THE BOARD OF TRUSTEES OF THE NORTH CAROLINA LOCAL GOVERNMENT EMPLOYEES' RETIREMENT SYSTEM (IN HIS OFFICIAL CAPACITY); AND THE STATE OF NORTH CAROLINA

No. 2A88

(Filed 6 October 1988)

APPEAL by defendants pursuant to N.C.G.S. § 7A-30(1) from a decision of the Court of Appeals, 88 N.C. App. 218, 363 S.E. 2d 90 (1987), which reversed summary judgment for defendants entered at the 6 October 1986 Session of Superior Court, WAKE County, *Farmer, J.,* presiding, and remanded for further proceedings consistent with the opinion. Heard in the Supreme Court on 13 September 1988.

*Anderson, Schiller & Rutherford, P.A., by Marvin Schiller, for plaintiff appellees.*

*Lacy H. Thornburg, Attorney General, by Norma S. Harrell, Assistant Attorney General, for defendant appellants.*

PER CURIAM.

Affirmed.